**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA KOUBALL, on behalf of herself, and all others similarly situated,

Plaintiff-Appellant,

v.

SEAWORLD PARKS AND ENTERTAINMENT, INC.,

Defendant-Appellee.

No.   20-56069

D.C. No.
3:20-cv-00870-CAB-BGS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted October 20, 2021**
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kouball alleges that she bought annual passes to SeaWorld San Diego on a monthly payment plan. She alleges that when SeaWorld closed due to COVID, it continued charging Kouball's credit card, so Kouball brought this class action lawsuit. The district court dismissed all her claims and Kouball appealed. Under *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A dismissal under Rule 12(b)(6) is reviewed de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

First, Kouball's California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law claims were properly dismissed because Kouball failed to allege actual reliance on any specific misrepresentation made by SeaWorld. *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011); *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 916 (2016).

Second, Kouball's breach of contract claim was properly dismissed because Kouball failed sufficiently to allege the terms of the contract. *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

Third, Kouball's unjust enrichment claim was properly dismissed because unjust enrichment is barred where a contract governs the dispute between the parties and because Kouball did not allege sufficient specifics to set out her claim. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).

Finally, Kouball's claim for money had and received was properly dismissed because common count claims stand or fall with more specific claims, like unjust enrichment, when the specific claims are based on the same facts and seek the same recovery. *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004).

**AFFIRMED**.